THE MOORE COMPANY, a corporation of the State of Indiana, complainant,

*v.*

FEDERAL METAL BED COMPANY, a corporation of the State of New Jersey, defendant.

[Decided February 15th, 1932.]

On bill, &c. On petition of receiver for instructions, &c.

218 ·

*Messrs. Gross & Gross,* for the receiver.

FALLON, V. C.

By an appropriate order made January 18th, 1932, the petitioner herein was appointed *custodial* receiver of the assets of the above named defendant pursuant to the provisions of an act of the legislature of the State of New Jersey entitled "An act concerning corporations (Revision of 1896"—*P. L. 1896 p. 277; 2 Comp. Stat. p. 1592*), as amended and supplemented. Immediately after the making of said order the petitioner qualified and assumed the duties and responsibilities devolving upon him as such receiver and took into his possession the assets of said defendant. On January 21st, 1932, *at len o'clock A. M.,* the defendant by appropriate decree was adjudged insolvent within the purview of the aforesaid act—in that it was unable to meet its pecuniary obligations as they matured by means of either available assets or an honest use of credit (*Auburn Button Works, Inc., v. Perryman Electric Co., Inc., 107 N. J. Eq. 554*), and the petitioner was appointed *statutory* receiver of said defendant. By virtue of section 68 of the aforesaid act the petitioner as receiver aforesaid became vested with title to all the real and personal property of the defendant, and its franchises, rights, privileges and effects, and said defendant was *ipso facto* divested thereof. The defendant is a manufacturing business concern of many years existence, and of considerable magnitude. Upon petitioner's appointment as receiver he was by appropriate order of this court authorized to carry on and conduct the business of the defendant as a going concern, and he has done so. On the same date, *at five o'clock P. M.,* three alleged creditors of the defendant filed an involuntary petition in bankruptcy in the United States district court for the district of New Jersey, and on January 25th, one week after the petitioner herein had as *custodial* receiver taken possession of defendant's assets for the conservation thereof pending further action of this court in the premises—and four days after the defendant was adjudged and decreed insolvent and divested of title to its

property and title thereto was vested in petitioner as *statutory* receiver—one of the petitioning creditors in said bankruptcy proceeding filed a petition in said United States district court, addressed to a judge thereof, praying for the appointment of a receiver in said proceeding, and an *ex parte* order was thereupon made by said judge appointing two receivers therein named. Such appointment, made without notice to the defendant or the receiver appointed by this court, was clearly invalid. *Shaw* v. *Standard Piano Co., 87 N. J. Eq. 350; Clements* v. *Conyers, 31 Fed. Rep. (2d) 563.* The petition upon which such order was based recites *inter alia:*

"A receiver has been appointed in a proceeding in the chancery court of the State of New Jersey, and it is improper that the assets of the business and the conduct of the business should be imposed upon the said chancery court in view of the pending action in this court."

The receivers appointed by the order of the judge of said court immediately visited the business plant of defendant and then and there made demand upon the petitioner herein for possession of the assets of the defendant, which demand was properly refused. The petition filed herein resulted from the demand aforesaid and after due hearing thereon this court in accordance with the rule of orderly judicial procedure, observance of which was stressed in *Perfection Garment Co.* v. *Crosby Stores, Inc., 109 N. J. Eq. 450,* by appropriate order directed its said receiver to appear specially in the bankruptcy court to urge what this court considered to be the impropriety of said court's order appointing receivers in said bankruptcy proceeding, particularly because of the fact that the petition for appointment thereof clearly manifested upon its face when presented to the court that the assets of the defendant were *in custodia legis* and in possession of petitioner to whom same were committed for administration by this court, and who as this court's receiver was conducting the business of defendant as a going concern, and to urge upon said court also that it should forthwith vacate its aforesaid order. The pleadings and proofs filed in the bankruptcy court and in this court clearly manifest the

impropriety of the appointment of receivers by the bankruptcy court. The petitioner herein in accordance with this court's order and direction entered a special appearance in the bankruptcy court which after a hearing afforded in the premises made an order *staying* its receivers from taking possession of the assets of defendant. The petition presented to the bankruptcy court not only fails to show that the appointment of receivers by said court was *absolutely necessary for the preservation of the estate of defendant,* but it shows affirmatively that it was absolutely unnecessary as it expressly recites that the assets of the defendant were in the custody of this court and were in possession of a receiver appointed by this court. It was not urged in said petition nor was any proof presented to the bankruptcy court to establish that the receiver appointed by this court was not a proper and competent person to perform the duties devolving upon him. The proofs filed by this court's receiver in the bankruptcy court and herein clearly show that while the defendant is *insolvent* within the purview of section 65 of the Corporation act, *supra,* it is not *bankrupt* within the meaning of section 1 (15) of the Bankruptcy act. The filing of the petition praying appointment of receivers by the bankruptcy court was entirely unwarranted by the facts and law of the case *sub judice.* The practice resorted to in the instant case of recourse to the bankruptcy court for the appointment of receivers notwithstanding the assets of the alleged bankrupt were in the custody of a receiver appointed by a state court is a recurrence of similar occurrences too frequently made in the federal court of the district of New Jersey within the recent past—so frequently in fact as to manifest grave concern for the stability of orderly judicial procedure, especially when it is considered that it is a well established rule of law that where assets of a domestic corporation are *in custodia legis* by virtue of appropriate proceedings in a state court, and there has been no adjudication of bankruptcy against such corporation, the bankruptcy court is not empowered to order a receiver of a state court to whom such assets have been committed for administration, and by whom the business opera-

tions of the corporation are being conducted as a going concern, to put an end to such operations and to surrender such assets to the bankruptcy court. I regard the case of *In re E. H. Walsh, Inc. (C. C. A. 2d), 295 Fed. Rep. 504,* and the quotation therein from *In re Spalding,* as pertinent to the case *sub judice*—"what could the federal receiver do under such circumstances? He has no title to any property. He is a mere custodian. He could not take the assets from the state court receiver. The bankruptcy court could not make any such order, and the assets could only be taken from the state court receiver by an application to the state court itself." See, also, the case of *Perfection Garment Co.* v. *Crosby Stores, Inc., supra.* A substantial reason for requirement of observance of the rule of law applicable to appointment of receivers, as pointed out in *In re Oakland Lumber Co. (C. C. A. 2d), 174 Fed. Rep. 634,* is that not infrequently cases arise where after a receiver is appointed the petitioning creditors are unable to establish their own status or prove an act of bankruptcy and because thereof the petition is dismissed leaving the court with a receiver on its hands with no proceeding *in esse* and no funds with which to pay him and the administration expenses incurred by him. The receivership prayed of the bankruptcy court in the case *sub judice* is clearly distinguishable from a receivership asked for *after* adjudication. After adjudication the property of the bankrupt is within the custody of the bankruptcy court for distribution among creditors, and thus properly becomes the subject of administration through an officer of said court. Before adjudication a receiver is merely a custodian appointed in special cases to preserve assets from dissipation and the like. *American Bond and Mortgage Co., Inc. (D. C. Me.), 50 Fed. Rep. (2d) 441;* affirmed in *Royal Indemnity Co.* v. *American Bond and Mortgage Co. (C. C. A. 1), 51 Fed. Rep. (2d) 60.* I am not aware of any warrant in law for the appointment of a receiver by a bankruptcy court in cases of either voluntary or involuntary bankruptcy until after adjudication except in cases where it is clearly established to the bankruptcy court by appropriate pleadings and proofs that it is "abso-

lutely necessary" so to do "for the preservation of the estate" of the alleged bankrupt *except* it be affirmatively shown to the court that assets of the bankrupt are perishable, unprotected, likely to be wasted, destroyed, stolen, misappropriated, dissipated, secreted, or the like, pending adjudication, or that the assets of the alleged bankrupt, pending adjudication, are likely to be turned over to favored creditors. The instant case does not come within either of the aforesaid exceptions. The rule applicable is expressly declared by section 2 (3) of the Bankruptcy act which provides that receivers may be appointed "in case the court shall find it absolutely necessary, for the preservation of estate * * *." The authorities supporting the rules above stated are too numerous to be cited herein. It will suffice, in my judgment, to cite as illustrative thereof, the following authorities: *1 Remington on Bankruptcy (13th ed.)* § *438 p. 438* (and the 1932 supplement thereto at *p. 132*) ; *Gilbert's Collier on Bankruptcy (1927) 45; In re Press Printers and Publishers, Inc. (C. C. A. 3d), 12 Fed. Rep. (2d) 660; In re E. H. Walsh, supra,* and the unreported case of *In re Spalding* therein cited; *In re Oakland Lumber Co., supra; In re Federal Mail and Express Co. (D. C. N. Y.), 233 Fed. Rep. 691; In re Standard Cordage Co. (D. C. N. Y.), 184 Fed. Rep. 156; In re American Bond and Mortgage Co., Inc., supra; Shannon v. Shepard Manufacturing Co., 230 Mass. 224; 119 N. E. Rep. 768; In re Rosenthal (D. C. N. J.), 144 Fed. Rep. 548; In re Gealey v. South Side Trust Co. (C. C. A. 3d), 249 Fed. Rep. 189; In re Walts & Sachs, 190 U. S. 1; Ingram v. Ingram Dart Lighterage Co. (D. C. Ga.), 226 Fed. Rep. 58.* The expediency, if not real necessity, for the application of the rule of comity between a state court and the bankruptcy court, and for the application of the rule of orderly judicial procedure, referred to by me in the case of *Perfection Garment Co. v. Crosby Stores, Inc., supra,* is clearly manifest herein.